**Bernard THOMAS, Petitioner—Appellant,**

v.

**Joe MCGRATH, Warden, Respondent—Appellee.**

No. 04–17082.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

**710**

Bernard Thomas, Soledad, CA, pro se.

Thomas A. Brady, DAG, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Bernard Thomas appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Because the state court has supplied no reasoned decision on these claims, we perform an independent review of the record to determine whether the state court's decision was objectively unreasonable. *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). Further, in light of the record as a whole, any alleged error must have had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

■ Appellant contends that the trial court erred in admitting statements obtained in violation of his *Miranda* rights. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Upon review of the record, we conclude that the trial court's determination that appellant's statements were made after his *Miranda* warning was issued, but before he invoked his right to an attorney, was not objectively unreasonable, *see Delgado,* 223 F.3d at 982, and had no effect on the verdict, *see Brecht,* 507 U.S. at 638, 113 S.Ct. 1710.

■ Appellant next contends that the trial court erred in failing to require the state to accept his stipulation with respect to the victim's treating physician's testimony. However, the state is entitled to prove its case free from being forced to "stipulate the evidence away" and we conclude that the trial court's ruling was not unreasonable. *See Old Chief v. United States,* 519 U.S. 172, 189, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Accordingly, the denial of appellant's motion for a new trial, also based on this argument, was not objectively unreasonable. *See Delgado,* 223 F.3d at 982.

■ Appellant also contends that trial counsel rendered constitutionally ineffective assistance during closing arguments by referencing to evidence not in the record. To succeed in this claim, appellant must demonstrate that counsel's performance was deficient, and that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Upon review, we conclude that appellant has failed to demonstrate prejudice, *see id.* at 693, 104 S.Ct. 2052, and that counsel's statement did not have a "substantial and injurious effect or influence in determining the jury's verdict," *see Brecht,* 507 U.S. at 638, 113 S.Ct. 1710.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We construe the remaining uncertified issues briefed on appeal as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). Upon review of the claims, we conclude there has been no substantial showing of a denial of a constitutional right, and the motion is denied. *See* 28 U.S.C. § 2253(c).

AFFIRMED.